MARÍA, ESTEBANÍA and ALFONSA DEL ROSARIO and ARMANDO and EDUARDO CHICO SOLER, Plaintiffs and Appellants, v. HIGINIO ALLENDE-CRUZ and JUAN COTTO PEREIRA, Defendants and Appellees.

No. 3376. Argued February 17, 1925.—Decided May 19, 1926.

*M. Tous Soto* and *Enrique Campillo* for the appellants. *José Martínez Dávila* for appellee Cotto Pereira.

MR. JUSTICE ALDREY delivered the opinion of the court.

In their brief filed in reply to that filed by the appellants the appellees ask for the dismissal of this appeal because it was taken after the expiration of the period allowed by law to appeal from judgments rendered after trial.

The judgment in this case was rendered and entered on May 4, 1922, the day of the trial.

In the record there is an unsigned copy of the notice of the judgment given by the clerk of the court on May 5, 1922, to one of the attorneys for the plaintiffs and according to an affidavit of the said clerk, on the back of a printed notice of judgments in civil actions, which is made a part of the record of this case, the following appears typewritten: ''I certify that on this date I sent by mail the original of this notice, leaving this copy in the record. San Juan, P. R., May 5, 1922.'' It is not signed.

Four days after the judgment had been rendered the plaintiffs moved for its reconsideration. Their motion having been denied, they renewed it on October 26, 1922, and on June 1, 1923, their motion was again denied. Eight days later they appealed from the ruling of the court on the motion for reconsideration and from the judgment entered a year before.

Although the ruling denying the reconsideration moved for by the plaintiffs is an order entered after judgment, it is not a special order because it may be reviewed in an appeal from the judgment, *Ríos et al.* v. *Ríos,* 15 P.R.R. 263; therefore it is not one of the orders from which an appeal is allowed by section 295 of the Code of Civil Procedure. Besides, as this court has held repeatedly, the appeal must be taken from the judgment in the action and not from the order denying its reconsideration. *Rexach* v. *Workmen's Relief Commission,* 31 P.R.R. 16; *Rivera* v. *Medina,* 28 P.R.R. 756.

In regard to the appeal taken from the judgment a year after it was rendered, Act No. 70 of March 9, 1911, provides in its 2nd section (Compilation, 5339) that in all cases in which an appeal may be taken "it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

According to that statement the time allowed for an appeal begins to run on the date on which a copy of the notice of the judgment given by the clerk to the party who may appeal shall have been filed among the papers of the case. The law does not say that the copy filed must be signed by the clerk and as the copy of the notice of judgment in this case was filed with the papers on May 5, 1922, on that date began to run the period of one month allowed by section 295 of the Code of Civil Procedure, as amended, for taking an appeal from a judgment, for which reason the appeal taken in this case on June 9, 1923, was taken after the lawful period had expired, and therefore this appeal must be dismissed, although on a prior date its dismissal was denied.

The appeals from the judgment and from the order denying its reconsideration must be dismissed.